United States District Court

Eastern District of California

O'Shay Johnson,

      Plaintiff,                               No. Civ. S 01-1463 MCE PAN P

  vs.                                        Findings and Recommendations

J. Mayhew,

      Defendant.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action against a prison official.

    The complaint alleges that while incarcerated at California State Prison - Sacramento (CSP-SAC) plaintiff filed a grievance against defendant August 27, 2000.  Defendant interviewed plaintiff about the grievance and predicted correctional officers would deny it.  Defendant visited plaintiff at his work place, asked if he had withdrawn the grievance and said that a wise man heeds warnings and threats.  In retaliation for the grievance

1  defendant allegedly denied plaintiff visits with his family,
2  while saying the denial was because the visits were during
3  plaintiff's work time though plaintiff had been suspended from
4  work and prison regulations allegedly permit visitation in these
5  circumstances.  Plaintiff claims defendant violated his rights
6  under the First Amendment, Eighth Amendment and Fourteenth
7  Amendment Due Process Clause.  He seeks damages.
8      Defendant seeks summary judgment and plaintiff opposes.
9      January 16, 2002, the court advised plaintiff of the
10 requirements for opposing a motion pursuant to Rule 56 of the
11 Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d
12 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035
13 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).
14     A party may move, without or without supporting affidavits,
15 for a summary judgment and the judgment sought shall be rendered
16 forthwith if the pleadings, depositions, answers to
17 interrogatories, and admissions on file, together with the
18 affidavits, if any, show that there is no genuine issue as to any
19 material fact and that the moving party is entitled to a judgment
20 as a matter of law.  Fed. R. Civ. P. 56(a)-(c).
21     An issue is "genuine" if the evidence is such that a
22 reasonable jury could return a verdict for the opposing party.
23 Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is
24 "material" if it affects the right to recover under applicable
25 substantive law.  Id.  The moving party must submit evidence that
26 establishes the existence of an element essential to that party's

2

1  case and on which that party will bear the burden of proof at
2  trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).
3  The moving party "always bears the initial responsibility of
4  informing the district court of the basis for its motion and
5  identifying those portions of 'the pleadings, depositions,
6  answers to interrogatories, and admissions on file, together with
7  the affidavits, if any'" that the moving party believes
8  demonstrate the absence of a genuine issue of material fact.  Id.
9  at 323.  If the movant does not bear the burden of proof on an
10 issue, the movant need only point to the absence of evidence to
11 support the opponent's burden.  To avoid summary judgment on an
12 issue upon which the opponent bears the burden of proof, the
13 opponent must "go beyond the pleadings and by her own affidavits,
14 or by the "'depositions, answers to interrogatories, and
15 admissions on file,' designate 'specific facts showing that there
16 is a genuine issue for trial.'"  Id. at 324.  The opponent's
17 affirmative evidence must be sufficiently probative that a jury
18 reasonably could decide the issue in favor of the opponent.
19 Matsushita Electric Industrial Co., Inc. v. Zenith Radio
20 Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged
21 is implausible, stronger evidence than otherwise required must be
22 presented to defeat summary judgment.  Id. at 587.
23      Fed. R. Civ. P. 56(e) provides that "supporting and opposing
24 affidavits shall be made on personal knowledge, shall set forth
25 such facts as would be admissible in evidence, and shall show
26 affirmatively that the affiant is competent to testify to the

matters stated therein." Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324. Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial. Id. at 327. Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004). Defects in opposing affidavits may be waived if no motion to strike or other objection is made. Scharf v. United States Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

Defendant is entitled to summary judgment on plaintiff's Eighth Amendment and Fourteenth Amendment due process claims. It

1   is well-settled that inmates have no constitutional right to
2   visitation.  See Kentucky Dep't of Corrections v. Thompson, 490
3   U.S. 454 (1989); Block v. Rutherford, 468 U.S. 576 (1984);
4   Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986); Cooper v.
5   Garcia, 55 F. Supp. 2d 1090 (S.D. Cal. 1999).  An allegation that
6   a defendant subjected a prisoner to "[v]erbal harassment or abuse
7   . . . is not sufficient to state a constitutional deprivation
8   under 42 U.S.C. section 1983." Oltarzewski v. Ruggiero, 830 F.2d
9   136, 138 (9th Cir. 1987) (internal quotations omitted).
10      Defendant is entitled to summary judgment on plaintiff's
11  retaliation claim as well.  "Within the prison context, a viable
12  claim of First Amendment retaliation entails five elements: (1)
13  An assertion that a state actor took some adverse action against
14  an inmate (2) because of (3) that prisoner's protected conduct,
15  and that such action (4) chilled the inmate's exercise of his
16  First Amendment rights, and (5) the action did not reasonably
17  advance a legitimate correctional goal."  Rhodes v. Robinson, 408
18  F.3d 559, 567 (9th Cir. 2005) (citations omitted).
19      The following facts are undisputed.  During the relevant
20  period, July through November 2000, defendant was the
21  Institutional Visiting Sergeant at CSP-SAC.  His duties included
22  processing and overseeing the visitors who came to see inmates
23  housed at CSP-SAC in order to ensure that the visit was in
24  compliance with institutional policies and procedures.  Prison
25  regulations provide that inmates "assigned" to work accumulate
26  excused time off (ETO) which can be used under specified

circumstances for "regular visiting" during work hours.  Common practice was to permit inmates visitors during work hours if they finished their work early and their work supervisor approved it, even when technical requirements for excused time off had not been met.  Plaintiff was assigned to work on the days his visitors were turned away but he was not working because he had been suspended from his job for misconduct.

Plaintiff filed a grievance against defendant August 20, 2000.  The grievance was assigned to defendant August 28, 2000. Defendant interviewed plaintiff September 11 and denied the grievance at the first level September 15, 2000.  September 10, 2000, defendant refused to allow plaintiff's mother to visit him. During the period plaintiff was not working defendant turned away visitors on four occasions but permitted 13 visitors.

Defendant denied plaintiff visits pursuant to Title 15, Cal. Admin. Code § 3045.2.  The regulation provides that inmates "assigned to work" accumulate excused time off (ETO) that may be used, at the discretion of their work supervisors, for visitations under extraordinary circumstances, such as to see visitors who have traveled a long distance or in the event of a death or family illness.

Though he refused to work, plaintiff had been assigned to work and has not shown that he had accumulated ETO or his supervisor's permission to use ETO for visitation.  Although it was not a neat fit, the regulation literally required defendant to deny visitation and any other reading would have sabotaged the

underlying legitimate correctional goals by rewarding the slacker with unfettered visitation privileges and punishing the industrious prisoner with only limited visitation.

Even if one disagrees with defendant's application of the regulation, he is entitled to qualified immunity.

A governmental official who seeks qualified immunity from a civil rights action is entitled to a ruling on that issue early enough to avoid the costs and expenses of trial. <u>Saucier v. Katz</u>, 533 U.S. 194 (2001).  The question involves a two-part analysis.  First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." <u>Saucier v. Katz</u> at 201.  Second, the court must address whether the right at issue was clearly established, i.e., "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id.</u> at 202 (citing <u>Wilson v. Layne</u>, 526 U.S. 603, 615 (1999) ("the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established")).  Under <u>Saucier</u>, immunity is established where an officer in defendant's position reasonably could have been mistaken as to whether his conduct violated clearly established law.  <u>Jeffers v. Gomez</u>, 267 F.3d 895, 909-10 (9th Cir. 2001).  Certainly that was the case here.

1   Accordingly, the court hereby recommends defendant's
2 September 15, 2004, motion for summary judgment be granted.
3   Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
4 findings and recommendations are submitted to the United States
5 District Judge assigned to this case.  Written objections may be
6 filed within 20 days of service of these findings and
7 recommendations.  The document should be captioned "Objections to
8 Magistrate Judge's Findings and Recommendations."  The district
9 judge may accept, reject, or modify these findings and
10 recommendations in whole or in part.
11   Dated:  July 21, 2005.

                    /s/ Peter A. Nowinski
                    PETER A. NOWINSKI
                    Magistrate Judge